UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 19-61338-CIV-ALTMAN/HUNT

PETER WIZENBERG,

        Appellant,

v.

HOWARD WIZENBERG

        Appellee.
_____/

## REPORT AND RECOMMENDATION

This matter is before this Court on Appellee Howard Wizenberg's Renewed Motion for Award of Appellate Attorney's Fees. ECF No. 43. This matter was referred to the undersigned Magistrate Judge for a Report and Recommendation on any dispositive matters. ECF No. 45. Having carefully reviewed the Motion, the Response, the entire case file, and applicable law, and being otherwise fully advised in the premises, the undersigned hereby RECOMMENDS the Motion be DENIED as outlined below.

## BACKGROUND

This Motion comes before the undersigned following a lengthy dispute that began life as proceeding in Bankruptcy Court. That Court entered a Sanctions Order against appellant due to his conduct during the proceedings before that Court. Appellant then sought review of that Order in the District Court. The District Court, construing the Order as a Report and Recommendation, adopted the Sanctions Order in full. ECF No. 19. Following that adoption, Appellee filed a Motion for Sanctions, ECF No. 25, seeking fees based on what he argued was Appellant's frivolous appeal. The District Court, following

1

the Eleventh Circuit's denial of Appellant's continued appeal of the Sanctions Order, denied Appellee's Motion on several grounds, discussed *infra,* but allowed Appellant an opportunity to refile a Motion that corrected the District Court's concerns.  The that Renewed Motion is now before this Court.

## ANALYSIS

In his opposition the Renewed Motion for Sanctions, Appellant makes several arguments.  First, he argues that Appellee's Motion is untimely, as it was filed six months after the required deadline with no justification given.  He also argues that the Motion violates Local Rules as no "good faith" attempt was made to confer. Finally, he argues that sanctions are not appropriate because he was merely seeking an allowable review of the Bankruptcy Court's Report and Recommendation.

The undersigned will first address the issue of the Local Rules.  As mentioned in the previous section, this is not, in fact, Appellee's first time attempting to conform his Motion to the Local Rules.  In the Omnibus Order denying the previous Motion for Sanctions, the District Court found that

> the Motion does not comply with this District's Local Rules, which require counsel for a movant to certify that he either (A) has "conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so," or (B) "has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement (including the date, time, and manner of each effort), but has been unable to do so." S.D. Fla. L.R. 7.1(a)(3). Failure to comply with this Local Rule is grounds for denial. *See id*.

ECF No. 42 at 1.

The District Court ultimately determined that the prior Motion did not include the requisite certification. *Id.* at 2.  In the Renewed Motion for Sanctions, Plaintiff's counsel attempted to correct his error, stating that:

> he emailed Appellant, Peter Wizenberg on March 15, 2021 at 4:28 p.m. at [wizenberg@gmaila.com] and also phoned Appellant at 5:12 p.m. at (786) 260-7075 and left a message, in a reasonable and good faith effort to confer with Appellant in order to resolve the issues raised in this motion and undersigned has been unable to do so. Based upon his prior dealings with Appellant for over the past three (3) years, undersigned has no reason to believe that Appellant will agree to any part of this motion or willingly agree to pay any of the attorneys' fees incurred in this frivolous appeal.

ECF No. 154 at 5.

Appellant argues vociferously in his response that Appellee's Motion again violates the Local Rules' requirement that the Parties must at least meaningfully attempt to confer prior to any Motion being filed.  Appellant argues that Appellee's "attempt" was woefully inadequate, as he filed his Motion less than an hour after sending the initial email, and less than 20 minutes after his phone call.  Appellee did not respond to Appellant's opposition.

As Appellant points out, "[s]ending an email and demanding an immediate or near-immediate response and then filing a motion before having an actual substantive discussion with opposing counsel does not amount to a conference or consultation." *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 10-21511-CIV-GOODMAN, 744 F. Supp. 2d 1297, 1299 n.2 (S.D. Fla. 2010).  It seems clear from his certification, as well as the content of a voicemail cited by Appellant, that Appellee attempted to do the bare minimum required to comply with the Local Rules. Appellant appears to think this is all that is necessary, as any attempt at meaningful conferral would be futile.   Unfortunately for Appellee, "there is no exception in the Local Rules for futility." *Norych v. Admiral Ins. Co.*,

No. 08-60330-CIV-ALTONAGA, 2010 WL 2557502, at 2 (S.D. Fla. June 23, 2010) (denying motion for attorneys' fees for failure to comply with Local Rules 7.3(a)(1) and 7.3(b)). Indeed, "Local Rule 7.3's requirements are not optional, but mandatory." *Irish v. Hyde*, No. 13-10063-CIV-KING, 2018 WL 1863747 (S.D. Fla. Feb. 9, 2018).

Thus, it appears that Appellee's counsel has again failed to comply with the Local Rules, as he made no meaningful attempt to confer with Appellant regarding the Motion. The Eleventh Circuit has affirmed that failure to comply with Local Rule conferral requirements is an independently sufficient basis to deny attorney's fees motions. *See J.B. Hunt Transp., Inc. v. S & D Transp., Inc.*, 589 F. App'x 930, 933 (11th Cir. 2014). Given the Court's prior admonishment, it would not be unreasonable to deny Appellant's Motion entirely on these grounds alone.

However, the Local Rules violation is not Appellee's only problem. Although the Eleventh Circuit did award fees to Appellee, it noted that it "limit[ed] the award to the costs that he incurred for this appeal, because there is a corresponding [Fed. R. App. R.] Rule 38 motion pending in the district court seeking fees for that appeal." ECF No. 41 at 22. As discussed *supra*, the District Court denied that Motion. In addition to the Local Rule violation, the District Court noted that "the Motion does not address (1) whether [Fed. R. Bankr. P] Rule 8020 sanctions are available where the district court treated the bankruptcy order as a report and recommendation, or (2) whether a Rule 8020 motion is timely if it is not filed contemporaneously with the appellee's brief." ECF No. 42 at 2. The Court allowed Appellee to refile the Motion, stating that, "[i]n addition to conforming the Motion to the Local Rules, the Appellee may address any other issue with respect to Rule

4

8020, including timeliness and applicability—or, alternatively, whether sanctions are available under some other rule, statute, or the Court's inherent powers." *Id.*

In the Renewed Motion, it is unclear how Appellee responds to the Court's inquiry as to "whether Rule 8020 sanctions are available where the district court treated the bankruptcy order as a report and recommendation." In fact, Appellee only mentions Rule 8020 is the first sentence of his Motion, noting that he is moving "pursuant to Rule 38 of the Federal Rules of Appellate Procedure and Rule 8020 of the Federal Rules of Bankruptcy Procedure and Local Rule 7.1." ECF No. 43 at 1.  Appellant – not Appellee – points out that "[c]ourts apply cases interpreting Rule 38 to determine whether sanctions are appropriate under Bankruptcy Rule 8020." ECF No. 44 at 19 (quoting *Steffen v. Berman*, 2010 WL 2293235, at *1 (M.D. Fla. June 7, 2010)), but Appellee makes no effort to explain how Rule 8020 applies in this situation.

There are some paragraphs in the Renewed Motion that are entirely new.  Those paragraphs, 5-8 and 10-13, can be lumped into two categories.  The first, 5-8, merely outline what happened in the appeal that took place after Appellee's initial Motion was filed. Paragraphs 10-13 are new legal citations, apparently inserted to address the District Court's concern about a lack of legal authority in the previous Motion. *See* ECF No. 42 at 2-3 ("The Motion also appears to violate Local Rule 7.1(a)—which requires an incorporated memorandum of law that 'cit[es] supporting authorities'—as the Motion includes only sparse citations to authorities.")  However, these new paragraphs merely regurgitate the idea that Rule 38 sanctions are available for frivolous appeals.  The citations do define what constitutes a frivolous appeal and note that they are available even against *pro se* appellants, but at no point do they answer the District Court's question

5

of "whether Rule 8020 sanctions are available where the district court treated the bankruptcy order as a report and recommendation."

This is, however, a question that must be addressed.  Fed. R. Bankr. P 8020(s) states that "[i]f the district court or BAP determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."  Appellant spends considerable time arguing that that because the District Court treated the Bankruptcy Court's Order as a report and recommendation, not as an appeal, it is unclear whether such sanctions are available.  Again, Appellee filed no reply to these arguments.

Appellee also does not appear to address the timeliness issue, other than noting that "[i]f a court of appeals determines the appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." *Cargill v. Comm'r*, 272 Fed. Appx. 756, 761 (11th Cir. 2008) (citing Fed. R. App. P. 38).  However, this quote also appeared in the previous Motion and therefore does not seem to address the Court's earlier concerns.

In short Appellee's renewed Motion fails to meaningfully address any of the shortcomings identified in the District Court's Omnibus Order regarding Rule 8020.  Given this, along with Appellee's failure to adequately address his initial non-compliance with the Local Rules, the undersigned recommends that the District Court in its discretion deny the Renewed Motion in its entirety.

6

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully RECOMMENDS that Appellee's Renewed Motion for Award of Appellate Attorneys' Fees, ECF No. 43, be DENIED.

Within fourteen days after being served with a copy of this Report and Recommendation, any Party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** at Fort Lauderdale, Florida this 25th day of January 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
    The Honorable Roy K. Altman
    All Counsel of Record
    Peter Wizenberg
        662 SW 158 Terrace
        Pembroke Pines, FL 33027-1134
        Pro Se Appellant