UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-61338-CIV-ALTMAN/Hunt

**PETER WIZENBERG**,

    *Appellant*,

v.

**HOWARD WIZENBERG**,

    *Appellee.*

_____/

## **ORDER**

This action stems from the Appellant's appeal of a sanctions order entered against him in bankruptcy court [ECF No. 1]. After we adopted the bankruptcy court's sanctions order, *see* Order Adopting Bankruptcy Order [ECF No. 19], the *Appellee* moved for sanctions, arguing that the Appellant's appeal was frivolous, *see* First Motion for Sanctions [ECF No. 25]. We denied that motion without prejudice. *See* Order Denying First Motion for Sanctions [ECF No. 42]. The Appellee then filed this Renewed Motion for Award of Appellate Attorneys' Fees (the "Motion") [ECF No. 43], which we referred to United States Magistrate Judge Patrick M. Hunt, *see* Order of Referral [ECF No. 45].

On January 25, 2022, Magistrate Judge Hunt issued a Report and Recommendation [ECF No. 46] (the "R&R"), in which he determined that the Motion should be denied. In short, Magistrate Judge Hunt concluded that the Motion violates our Local Rules (as did its predecessor) and that it fails to address the other deficiencies we identified in our Order Denying First Motion for Sanctions— namely, (1) whether sanctions are available under Federal Rule of Bankruptcy Procedure 8020(s) and, if so, (2) whether the Motion was timely filed. *See id.* at 4–6.

Magistrate Judge Hunt also warned the parties as follows:

> Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

*Id.* at 7. Neither party objected to the R&R, and 14 days have passed. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law, we find no clear error on the face of the R&R. Accordingly, we hereby **ORDER AND ADJUDGE** as follows:

1. The R&R [ECF No. 46] is **ACCEPTED and ADOPTED** in full.

2. The Appellee's Renewed Motion for Award of Appellate Attorneys' Fees [ECF No. 43] is **DENIED**.

3. The case shall remain **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 9th day of February 2022.

_____
**ROY K. ALTMAN
UNITED STATES DISTRICT JUDGE**

cc:     counsel of record